**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESMERALDA TOMAS-
MELCHOR; A.C.T.; T.C.T.; J.C.T.,

　　　　　　Petitioners,

　　v.

PAMELA BONDI, Attorney General,

　　　　　　Respondent.

No. 24-2312

Agency Nos.
A246-009-205
A246-009-206
A246-009-207
A246-009-208

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2025
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.[**]

　　Esmeralda Tomas-Melchor and her children, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") decision

dismissing their appeal from an immigration judge's decision denying their

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252.

Reviewing the BIA's factual findings for substantial evidence and its legal

conclusions de novo, *see Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024),[2] we

deny the petition.

1. The BIA did not err in finding that members of Los Tlacos, a cartel, did

not persecute Tomas-Melchor.[3] Persecution is "'an extreme concept,' marked by

"'the infliction of suffering or harm in a way regarded as offensive.'"" *Li v.*

*Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (cleaned up) (quoting

*Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc)). Although an asylum

applicant need "not suffer serious physical injury," *Singh v. Garland*, 57 F.4th 643,

654 (9th Cir. 2023), past persecution generally requires either substantial violence

or a credible threat of substantial violence, *see Corpeno-Romero v. Garland*, 120

---

[1] Tomas-Melchor's children—A.C.T., T.C.T., and J.C.T.—applied for relief from removal derivatively and individually based on the same facts as Tomas-Melchor. Our analysis of Tomas-Melchor's claims also applies to her children's claims.

[2] The parties dispute the standard of review—substantial evidence or de novo—that applies to the BIA's determinations whether particular acts constitute persecution. We need not decide which standard applies, because even if we apply the more generous de novo standard, Tomas-Melchor has not shown entitlement to relief. *See Singh*, 97 F.4th at 603.

[3] Like the BIA, we assume that that Tomas-Melchor's father persecuted her when she was a child by hitting her with a belt or horse reins.

F.4th 570, 577–78 (9th Cir. 2024). Tomas-Melchor's experience of being forced off the combi and prevented from traveling to Chilpancingo did not meet this standard. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) ("Discrimination on the basis of [a protected status], as morally reprehensible as it may be, does not ordinarily amount to 'persecution.'").

2. The BIA did not err in finding no nexus between any persecution Tomas-Melchor suffered as a child and her particular social group "women without partners." She testified that her father also hit her mother and brother and that he became violent because "he was a drunk" and "would get angry over anything."

Any error by the BIA in finding no nexus between the abuse Tomas-Melchor received from her father as an adult and her status as a woman without a partner was harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021). Tomas-Melchor testified that her father did not inflict physical violence past her childhood and that when she was an adult, his behavior was limited to yelling at her and kicking her out of the house. Even if he did so on account of her lack of a partner, his actions did not constitute persecution. *See Corpeno-Romero*, 120 F.4th at 577 (explaining that persecution "means something considerably more than discrimination or harassment").

3. The BIA did not err in concluding that Tomas-Melchor failed to show government acquiescence in any torture that the cartel would inflict on her.[4] "Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent [it]." 8 C.F.R. § 1208.18(a)(7). Tomas-Melchor provided no evidence that the Mexican government knew of the cartel's actions in Tlacotepec and made no effort to stop them. The BIA reasonably rejected her unsupported belief that "the police do what the cartels tell them to do" as "insufficient to meet her burden." *See Garland v. Dai*, 593 U.S. 357, 372 (2021) ("[A] factfinder might not describe the [applicant] as lacking credibility . . . yet find that her testimony on a key fact was . . . unpersuasive or insufficient . . . . It's not always the case that credibility equals factual accuracy . . . .").

**PETITION DENIED.**

---

[4] Tomas-Melchor suggests that she was tortured by the cartel through intimidation and coercion. However, that action still requires "severe pain or suffering, whether physical or mental." 8 C.F.R. § 1208.18(a)(1).